IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR RODGERS,      *
        Plaintiff,
    v.      *    CIVIL ACTION NO. RWT-09-1250

MICHAEL STOUFFER, et al.,      *
        Defendants.
                            *****

**MEMORANDUM OPINION**

On May 13, 2009, the Court received Plaintiff Arthur Rodgers's complaint for injunctive relief. Plaintiff, an inmate incarcerated at the North Branch Correctional Institution ("NBCI"), states that he cannot safely be housed in a cell with another inmate due to sleep disturbances which cause him to startle from sleep at any sudden noise or movement and then attack anyone nearby. He states that his requests for single cell status have been improperly denied. He further states that his fear of harming his cellmate prevents him from sleeping, adversely impacting his health. Plaintiff seeks injunctive relief requiring Defendants place him on single cell status. Paper Nos. 1, 3 & 8.

The Office of the Maryland Attorney General was ordered to file an immediate response to the Complaint to show cause why Plaintiff should not be housed in a single cell. Paper No. 2. Defendants' response was construed as a dispositive filing and Plaintiff was granted an opportunity to file an opposition. Paper Nos. 4, 12 & 13. Plaintiff has responded. Paper Nos. 5 & 15. The matter is ripe for consideration. For reasons to follow, injunctive relief shall be denied and the case dismissed without hearing.

Defendants indicate that on March 20, 2009, Plaintiff filed an Inmate Request Form stating that he could not sleep around other prisoners and that if were startled by movement he would react

violently. He sought single cell housing. Paper No. 4, Ex. 2. As a result of his request Plaintiff was seen by staff in the Psychology Department on March 24, 2009, for a Mental Health Intake Screening. No abnormalities were noted and accordingly, Plaintiff was not referred for further assessment or treatment. Id., Ex. 3. Due to Plaintiff's continued concerns regarding his housing status, on April 25, 2009, mental health counselor Hawkins met with Plaintiff at the request of Sgt Harbaugh. It was noted that Plaintiff had been single-celled since 1995.[1] Id., Ex. 4. On April 16, 2009, a Single Cell Status Recommendation Form was completed. Based on Plaintiff's history, however, Plaintiff did not meet the criteria for a single cell at NBCI and the panel members denied the recommendation. Id., Ex. 5. Plaintiff continued his request for single cell status, id, Ex. 4, and was advised that the request was denied. Id., Ex. 2.

On May 13, 2009, Plaintiff filed another Inmate Request Form stating he had been assigned a cellmate and despite his trying not to sleep, he had a "major episode." Id., Ex. 2. Plaintiff asked for intervention. Plaintiff was referred to Mr. Liller in the Psychology Department. The Psychology Department again declined to require single cell status for Plaintiff. Id., Ex. 1

The Complaint before this Court seeks injunctive relief. The party seeking preliminary injunctive relief must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., --- U.S. ---, 129 S.Ct. 365, 374-376 (2008).[2]

---

[1] It appears Plaintiff was granted single cell status upon his incarceration in 1995, while housed at MRDCC. His single cell status was continued during his incarceration at MCAC, where all inmates are single celled. Documents presented to the Court indicate that Plaintiff's single status prior to his incarceration at NBCI was due to "security" concerns rather than psychological concerns.

[2] The previous Fourth Circuit balance-of-hardship test set out in Blackwelder Furniture Co. v. Seilig Manufacturing

The failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny injunctive relief. See Direx Israel, Ltd. v. Breakthrough Medical Corporation, 952 F.2d 802, 812 (4th Cir. 1992.) The irreparable harm must be "neither remote nor speculative, but actual and imminent." Tucker Anthony Realty Corp v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989); see also Dan River, Inc. v. Icahn, 701 F.2d 278, 284 (4th Cir. 1983). Plaintiff has failed to show irreparable harm and demonstrate a need for single cell status. His claims regarding his sleep disturbances remain unsubstantiated. It is not the province of this Court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference. See Sandin v. Conner, 515 U.S. 472, 482 (1995). Given the standard of review, injunctive relief cannot be granted on unsubstantiated claims of risk of harm.[3] Consequently, injunctive relief shall be denied and the Complaint dismissed by separate order.

Date:  May 13, 2010

                                                     /s/
                                       ROGER W. TITUS
                                 UNITED STATES DISTRICT JUDGE

---

Co., 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions, as the standard articulated in Winter governs the issuance of such emergency relief. See Real Truth About Obama, Inc. v. Federal Election Com'n, 575 F. 3d 342 (4th Cir. 2009).

[3] Moreover, given that Plaintiff has a forum for his complaint, equitable remedies, such as temporary restraining orders, shall not be given.